Need of Supervision. (Appeal No. 1.)—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: The orders adjudicating respondent a person in need of supervision must be reversed. The admissions to the allegations of the petitions were made by the Law Guardian, not respondent personally *(see, Matter of Paul H.,* 154 AD2d 943). Further, respondent was not advised by the court of his right to remain silent *(see, Matter of Patricia Ann R.,* 154 AD2d 933). Moreover, the court erred when it did not ascertain, through allocution, that respondent admitted to the acts alleged in the petition, that he voluntarily waived his right to a fact-finding hearing *(see,* Family Ct Act § 741; *Matter of Paul H., supra,* at 943; *Matter of Mark S.,* 144 AD2d 1010). We dismiss the petition in the first PINS proceeding since respondent's period of probation has terminated and we see no benefit to be gained by remitting the matter for a new fact-finding determination *(see, Matter of Mark S., supra; Matter of Corey L.,* 140 AD2d 609). We decline to dismiss the petition in the second PINS proceeding which resulted in respondent's placement because it serves as the basis for the subsequent violation petition and petitions to extend respondent's placement. The orders entered in these subsequent proceedings, however, must also be reversed because they were predicated upon the original order of placement in the second PINS proceeding which we find to be a nullity inasmuch as that order was based upon an invalid admission.

Further, we dismiss the petition filed February 20, 1990 requesting an extension of respondent's placement as untimely because it was filed after "the original expiration date" of respondent's placement *(see,* Family Ct Act § 756-a [a]). We remit the petitions filed July 13, 1989 (extension of placement) and January 16, 1990 (violation of petition) for further proceedings.

Finally, we reject respondent's claim that Berkshire Farms is not a proper petitioner *(see,* Family Ct Act § 756-a [a]). (Appeal from order of Erie County Family Court, Killeen, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of DAVID B., a Person Alleged to be in Need of Supervision. (Appeal No. 2.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings. Same memorandum as in *Matter of David B.* ([appeal No. 1] 167 AD2d 885 [decided herewith]). (Appeal from order of Erie County Family

Court, Killeen, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of DAVID B., a Person Alleged to be in Need of Supervision. (Appeal No. 3.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings. Same memorandum as in *Matter of David B.* ([appeal No. 1] 167 AD2d 885 [decided herewith]). (Appeal from order of Erie County Family Court, O'Donnell, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of DAVID B., a Person Alleged to be in Need of Supervision. (Appeal No. 4.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings. Same memorandum as in *Matter of David B.* ([appeal No. 1] 167 AD2d 885 [decided herewith]). (Appeal from order of Erie County Family Court, O'Donnell, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of DAVID B., a Person Alleged to be in Need of Supervision. (Appeal No. 5.)—Order unanimously reversed on the law without costs and petition dismissed. Same memorandum as in *Matter of David B.* ([appeal No. 1] 167 AD2d 885 [decided herewith]). (Appeal from order of Erie County Family Court, O'Donnell, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of FRANK TADDEO, Individually, and as a Principal of ABLE MEDICAL TRANSPORTATION, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, DIVISION OF AUDIT AND QUALITY CONTROL, Respondent.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: The determination that petitioner overbilled for transportation services provided to Medicaid recipients is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Petitioner billed based upon what he considered were the most practical and efficient routes. The regulations, however, provide that "the cost of common carrier transportation shall not exceed the local prevailing rate *by the most direct routes"* (18 NYCRR 505.10 [c] [1]; emphasis added). This State-wide regulation was in effect during the entire audit period and provides a uniform standard rationally related to the State's obligation to protect the quality and value of services by providers in the Medicaid program *(see, Matter of Medicon*